IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: TRACEY GODFREY,<br><br>Petitioner | Cause No. CV-25-28-M-DWM<br><br>ORDER |

Tracey Godfrey has filed a document entitled "Rule 35(A) Motion for Correction Sua Sponte." (Doc. 1.) He asserts this Court is authorized under Rule 35(A) to correct an erroneous sentence." (*Id.* at 2.) The purportedly erroneous sentence Godfrey believes needs correcting is the 60-year state sentence he is currently serving. (*Id.*)

This Court is familiar with Godfrey's plight; he has repeatedly attempted to challenge his underlying state sentence as a Persistent Felony Offender to no avail.[1] The motion at hand is a disguised second or successive Section 2254

---

[1] *See Godfrey v. Kirkegard*, CV 14-27-M-DLC (D. Mont. May 5, 2014)(habeas petition dismissed on the merits); *Godfrey v. Kirkegard*, CV 14-164-M-DLC (D. Mont. June 12, 2014)(habeas petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. June 20, 2014)(habeas petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (habeas petition dismissed); *Godfrey v. Guyer*, CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-86-M-DLC (D. Mont.

1

habeas petition. Because Godfrey is seeking to challenge his state court sentence, 28 U.S.C. § 2254 provides the only basis for such a challenge. *See e.g., White v. Lambert*, 370 F. 3d 1002, 1007-10 (9th Cir. 2004)(holding "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"). As styled as a habeas petition, Godfrey has been repeatedly advised that he is precluded from such a challenge pursuant to 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court). Godfrey has not obtained authorization from the Ninth Circuit, accordingly, this Court lacks jurisdiction over the matter.

Moreover, to the extent that Godfrey attempts to rely on the Federal Rules of Criminal Procedure, specifically Rule 35, these rules apply only to federal criminal proceedings and not state court matters. *See, e.g.*, Fed. R. Civ. P. 1(a)(1) ("these

---

May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied); *Godfrey v. Montana Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022)(petition for writ of supervisory control dismissed); *In re Tracey Godfrey*, CV-23-156-M-DWM (D. Mont. Dec. 21, 2023)(dismissed for lack of jurisdiction); *In re Tracey Godfrey*, CV-24-40-M-DLC (D. Mont. April 8, 2024)(dismissed for lack of jurisdiction).

rules govern the procedure in all criminal proceedings in the United States district courts..."); *U.S. ex. rel Gaugler v. Brierley*, 477 F. 2d 516, 523 (3d Cir. 1973)(the Federal Rules of Criminal Procedure "do not extend to prosecutions in state courts for violations of state criminal laws" and "govern only prosecutions in federal courts for violation of criminal laws of the United States"). Godfrey's Rule 35 Motion does not present any tenable basis for relief and warrants summary dismissal. Additionally, Godfrey has previously been advised of the inapplicability of the Federal Rules in this exact scenario. *See Godfrey v. Guyer*, Cause No. CV-19-202-M-DLC, Ord. at 2-3 (D. Mont. Jan. 2, 2020). Godfrey's continued challenges pursuing the same avenue of relief will not yield a different result.

To the extent that a certificate of appealability is sought, it is denied because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Godfrey is well aware of the requirements that apply to second or successive habeas applications.

Accordingly, IT IS HEREBY ORDERED as follows:

    1. The Motion/Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

    2. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

4. This action is CLOSED. Aside from a Notice of Appeal, no further motions may be filed in this matter.

DATED this 25 day of February, 2025.

                                                                          _____ 16:20 P.M.
                                                                          Donald W. Molloy, District Judge
                                                                          United States District Court